IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY L. JAYJOHN, III,

        CASE NO. 2:20-CV-2977
Petitioner,         CHIEF JUDGE ALGENON L. MARBLEY
        Magistrate Judge Chelsey M. Vascura

v.

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").  Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  If it does so appear, the petition must be dismissed.  *Id*.  For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4.

        **I.    BACKGROUND**

Petitioner challenges his April 3, 2019 convictions pursuant to his guilty plea on two counts of burglary.  Petitioner does not indicate the name or location of the court that entered judgment against him.  The trial court imposed a term of seven years' incarceration.  Petitioner indicates that he did not file an appeal or pursue other state collateral relief.  On June 11, 2020,

he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.  As his sole ground for relief, Petitioner asserts that the charges should have been reduced to breaking and entering.

## II.     RULE 2, RULES GOVERNING SECTION 2254 CASES

A habeas petition must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.  Further, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground.  "Dismissal under Rule 2(c) is appropriate when a petition and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F.Supp.3d 359, 361 (S.D. Ohio 2018) (citations omitted).

Here, Petitioner asserts that the charges against him should have been reduced.  Even liberally construing the pleadings, the Court cannot decipher the nature of any federal constitutional claim.  See 28 U.S.C. § 2254(a).  "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Thus, this action is subject to dismissal.

## III.     EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).  If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c).  Moreover, a constitutional claim for relief must be presented to the

state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990). In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970).

Petitioner does not indicate that he has filed a timely appeal or pursued any other state collateral relief. He may still pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A). Thus, this action is alternatively subject to dismissal as unexhausted. *See Summers v. Warden*, No. 2:16-cv-00063, 2017 WL 412875, at *5 (S.D. Ohio Jan. 31, 2017) (petition may be dismissed as unexhausted where the petitioner failed to pursue a timely appeal or motion for a delayed appeal) (citing *Keeley v. Warden*, *Belmont Correctional Institution*, No. 2:15-cv-00972, 2016 WL 1642965, at *5-6 (S.D. Ohio April 26, 2016); *Ortiz v. Wolfe*, No. 2:08-cv-94, 2009 WL 995622, at *5-6 (S.D. Ohio April 14, 2009)).

## IV. RECOMMENDED DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE